Skeed, J.,
delivered the opinion of the Court.
The Court charged the jury in this case, that the State need not show the parties are guilty, beyond all reasonable doubt. This is assigned as error upon the trial of a misdemeanor. In the same connection, however, the Coui’t admonished the jury that .the evidence must show the guilt of the defendants to their reasonable satisfaction; that their best judgments must be that the defendants are guilty, so that the mind may rest easy in the conclusion of guilt. With this qualification, we can not reverse the judgment in an offense of this grade for the error in the first proposition. It 'can not be denied that in the last part of the charge, the Court gave the defendants the benefit of the doctrine of reasonable doubts quite as fully as if the converse of the first proposition had been distinctly charged. The mind of a juror could scarcely “rest easy in the conclusion of guilt,” if a reasonable doubt of that guilt remained. This being so in this case, we are still led to the inquiry, whether that humane principle of the common law which forbids a conviction of felony if the evidence generates a reasonable doubt of the guilt of the prisoner, applies as well to misdemeanors as to felonies. There is a large class of misdemeanors, a conviction of which involves an ignominy scarcely less grave than a conviction of felony, in their punishment, as well as the moral degradation which follows such conviction. There are others in which the unlimited power of a jury in the imposition of fines might result in pecuniary' impoverishment and ruin. In all criminal accusations, of whatever grade, the presump *28 tion of innocence attends the accused from the moment of the first suspicion that has rested upon him, until a jury has pronounced upon his guilt. And out of this presumption has arisen the benignant doctrine that the accused must have the benefit of any reasonable doubt that may exist as to his guilt. And this is a very old and venerable doctrine of the criminal law: Rex v. Stone, 6 T. R., 528. We can see no reason why this just and humane principle should not apply to misdemeanors as well as to felonies. Indeed, in the ancient authorites, no such distinction is observed. Its application has been distinctly recognized in several of the States, and it could not well be otherwise, since the common law has made no distinction, but declares, in reference to all criminal prosecutions alike, that, “neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient to prove the guilt, unless it generate full belief of the fact, to the exclusion of all reasonable doubt:” 3 Greenl. Ev., 29; 1 Stark. Ev., 478; 1 Hale P. C., 300. We hold that, in all offenses against the criminal laws, cognizable by indictment or presentment, whether felonies or misdemeanors, to authorize a jury to convict, the evidence must be such as to convince them of the guilt of the defendant beyond a reasonable doubt. A reasonable doubt is an honest misgiving as to the guilt of the defendant upon the proof, which the reason entertains and sanctions as a substantial doubt. When, after the evidence, the arguments and the charge have all gone to the jury, and have been thoroughly weighed and considered, the ingenuous and impartial juror, in an honest quest of the *29 truth, finds himself hesitating and pausing to ask himself if all these things may not be true, and yet this man innocent; and still reasoning upon his doubts, and finding a substantial reason for them all, then we would say the juror entertained such reasonable doubts as would demand an acquittal.
The 'judgment is affirmed.